UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

   -against-

CITY OF NEW YORK, et al.,

                Defendants.

21-CV-6583 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the North Infirmary Command on Rikers Island and is appearing *pro se*, brings this action under 42 U.S.C. § 1983.[1] Plaintiff alleges that during his detention in the custody of the New York City Department of Correction (DOC), beginning on March 17, 2019, his outgoing phone calls and mail have been turned over to the Bronx District Attorney's Office for use in prosecuting him, in violation of his constitutional rights. Plaintiff sues the City of New York, an attorney for DOC, Bronx District Attorney (DA) Darcel Clark and Assistant DA Allison Kline, and Bronx Supreme Court Justice Ralph Fabrizio, seeking $5 million in damages. The Court dismisses the complaint for the following reasons.

      Plaintiff has previously submitted to this Court a substantially similar complaint, *Singleton v. City of New York*, ECF 1:21-CV-2893, 2 (UA) (S.D.N.Y. filed April 1, 2021). In the earlier filed action, Plaintiff contends that having his mail and phone calls made during his detention in the DOC "turned over the Bronx County District Attorney's Office is an absolute unreasonable search and seizure in violation of the Fourth Amendment." (ECF 2 at 6.) Plaintiff sues the City of New York; DOC and its Commissioner Cynthia Brann; the Bronx County

---

[1] Plaintiff did not submit with his complaint a prisoner authorization form, authorizing withdrawal of the $350.00 filing fee from his prison account. Because the Court dismisses this action without prejudice before addressing Plaintiff's request to proceed *in forma pauperis* (IFP), the Court has not considered whether he qualifies for IFP status.

District Attorney's Office, DA Darcel Clark, and ADAs Allison Kline and Megan Leo. Plaintiff seeks "to prohibit state agenc[ies] from using phone calls and mail for prosecution at the Bronx Supreme Court," in addition to seeking $5 million in damages. (*Id.* at 5.)

Because Plaintiff's new complaint raises the same claims already pending in this Court, no useful purpose would be served by litigating this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 1:21-CV-2893 (UA).[2]

## CONCLUSION

Plaintiff's complaint is dismissed as duplicative, without prejudice to his pending case under docket number 1:21-CV-2893 (UA). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 9, 2021
        New York, New York

                                         /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] If Plaintiff wishes to make changes to the claims or parties in his pending suit under docket number 1:21-CV-2893, he can amend his complaint in that action to the extent permitted in Rule 15 of the Federal Rules of Civil Procedure.