UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                Defendants.

21-CV-6583 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff is a pretrial detainee at the Vernon C. Bain Center (VCBC), in the custody of the New York City Department of Correction (DOC). On April 1, 2021, Plaintiff filed the complaint in *Singleton v. City of New York*, ECF 1:21-CV-2893, 2 (S.D.N.Y.) (*Singleton I*), in which he alleged that turning over his mail and recordings of his phone calls made in DOC custody to the Bronx County District Attorney's Office violated his rights under the Fourth Amendment.

       On August 2, 2021, Plaintiff filed this new action bringing the same claims – that is, he alleges that, beginning on March 17, 2019, his mail and outgoing phone calls made from DOC facilities were turned over to the Bronx District Attorney's Office for use in prosecuting him, in violation of his constitutional rights. *See Singleton v. City of New York* 21-CV-6583 (S.D.N.Y. Aug. 2, 2021) (*Singleton II*). All of the defendants that Plaintiff named in *Singleton II* had also been named in *Singleton I*. By order and judgment entered August 9, 2021, the Court dismissed *Singleton II* as duplicative of *Singleton I*, without prejudice to his pending case in *Singleton I* under docket number 21-CV-2893.[1] Plaintiff was not charged the $350.00 filing fee for this action, *Singleton II*.

---

[1] By order entered August 10, 2021 in *Singleton I*, the Court directed Plaintiff to show cause why he was not barred under 28 U.S.C. § 1915(g) because he had three dismissals that appeared to qualify as "strikes" for purposes of § 1915(g). *Singleton*, ECF 1:21-CV-2893, 4. In

On September 21, 2021, the Court received Plaintiff's notice of appeal and motion for an extension of time to appeal the dismissal without prejudice in *Singleton II*. Both documents were dated September 8, 2021. (ECF Nos. 5-6.) For the following reasons, the Court denies Plaintiff's motion for an extension of time to appeal as unnecessary.

## DISCUSSION

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A).[2] The Court entered judgment dismissing this action on August 9, 2021.

Under the prison mailbox rule, a prisoner's submission is generally deemed filed when he places it in the prison mailing system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that notice of appeal was deemed filed when prisoner placed it in the prison mailing system for mailing). Although Plaintiff does not indicate when he gave these documents to prison officials for mailing, the Court assumes that the documents were given to prison officials on the date that he signed them. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Plaintiff signed his notice of appeal and motion for an extension of time to appeal on September 8, 2021, that is, on the thirtieth day after entry of judgment. Because the

---

his declaration opposing the § 1915(g) bar, Plaintiff argues that "supplemental jurisdiction . . . is not a ground or circumstance that war[ra]nts a strike." *Id.* (ECF 5 at 2.)

[2] The district court may extend the time to file a notice of appeal if the motion for an extension of time is filed within thirty days of the expiration of the time to file notice of appeal, and the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

notice of appeal is deemed filed on September 8, 2021, the Court concludes that the notice of appeal is timely. The motion for an extension of time is therefore denied as unnecessary.[3]

Plaintiff's notice of appeal and motion for an extension of time were filed in an envelope that indicates that Plaintiff is currently detained at VCBC, though his address of record in this action is at the North Infirmary Command (NIC), which DOC also operates. It is Plaintiff's responsibility to file a change of address form, and he has not done so. Public records of the DOC confirm, however, that Plaintiff is currently at VCBC. The Court therefore respectfully requests that the Clerk of Court change Plaintiff's address on the docket to reflect that he is detained at VCBC.

On September 27, 2021, after Plaintiff's appeal was transmitted to the United States Court of Appeals for the Second Circuit, Plaintiff filed an application for the Court to request *pro bono* counsel. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because the action in this Court is closed, and this action is on appeal to the Second Circuit, the Court lacks authority to consider Plaintiff's request for *pro bono* counsel. If Plaintiff seeks *pro bono* counsel to assist with his appeal, he can make such request to the Court of Appeals for the Second Circuit. If this matter is reopened, Plaintiff can renew his request for *pro bono* counsel at that time.

---

[3] Plaintiff indicates in his motion for an extension that his mail was sent to the wrong address and he received it late. This would provide good cause to extend the time to appeal if Plaintiff's appeal were late—which it isn't.

## CONCLUSION

Plaintiff's motion for an extension of time to appeal (ECF No. 5) is denied as unnecessary.

The Court directs the Clerk of Court: (1) to change Plaintiff's address on the docket to reflect that his current mailing address is the following: Vernon C. Bain Center, 1 Halleck St, Bronx, NY 10474; (2) to mail a copy of this order to Plaintiff at VCBC and at his prior address of record (NIC), and note service on the docket; and (3) to terminate the motion for the Court to request *pro bono* counsel (ECF 7).

SO ORDERED.

Dated:  October 1, 2021
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge