UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

21-CV-6583 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On April 1, 2021, Plaintiff filed a *pro se* complaint, together with an application to proceed *in forma pauperis* (IFP) and a prisoner authorization form, and the matter was opened as a civil action under docket number 21-CV-2893 (LTS).

Plaintiff then filed this new *pro se* complaint, without a prisoner authorization form, which was opened under this docket number, 21-CV-6583 (LTS). The complaint can be liberally construed as alleging, among other things, that the DOC has a custom or policy of recording all calls from detainees at Rikers Island, including Plaintiff's calls, and turning them over to prosecutors for use in criminal prosecutions. (ECF 2 at 12.) By order dated August 9, 2021, the Court dismissed this new action without prejudice as duplicative, because it was substantially similar to Plaintiff's pending action under docket number 21-CV-2893 (LTS), and included some or all of the same defendants. A litigant cannot pursue the same claims at the same time in two proceedings in the same federal court.[1] Plaintiff never submitted the forms to proceed IFP in this action and was not charged any filing fee for this action.

---

[1] The Court indicated that if Plaintiff wished to amend his complaint pending under 21-CV-2893, he could do so in that action, to the extent permitted under the Federal Rules of Civil Procedure, rather than commencing a second action. Plaintiff filed an amended complaint in 21-CV-2893 on September 22, 2021 (ECF 9), and the Court has issued orders in connection with his

Plaintiff appealed the order of dismissal without prejudice. He also moved for an extension of time to appeal and sought the appointment of *pro bono* counsel. By order dated October 1, 2021, the Court denied Plaintiff's motion for an extension of time to appeal as unnecessary and held, in the alternative, that he showed good cause for any delay in filing the appeal. The Court also denied Plaintiff's request for appointment of *pro bono* counsel, as this matter is closed in the district court. (ECF 8.)

On October 19, 2021, the Court received Plaintiff's letter, which is styled as a response to the Court's October 1, 2021 order. (ECF 9). Plaintiff states that the order extending the time to appeal in this closed action did not address the fact that his pending complaint under docket number 21-CV-2893 "was never answered until the new claim was received." He also argues that he is in imminent danger, which is an argument that appears to be directed at showing that he should be allowed to proceed IFP in his case under docket number 21-CV-2893, notwithstanding 28 U.S.C. § 1915(g). On February 1, 2022, the Court concluded in that pending action that Plaintiff did not have three qualifying "strikes" when he filed the complaint in 21-CV-2893, and he was not barred from proceeding IFP in that action. 21-CV-2893 (ECF 13.) The Court will therefore address the merits of Plaintiff's claims in that action.

This matter is closed, and Plaintiff's appeal from the order of dismissal without prejudice in this action is pending, depriving the Court of the ability to take further action in this matter. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

---

ability to proceed IFP as a prisoner.

appeal.").[2] The Court will have the letter, which is currently docketed as ECF 9 in this closed action, filed in the action pending under docket number, 21-CV-2893 (LTS), in which Plaintiff has been permitted to proceed IFP.

## CONCLUSION

The Court directs the Clerk of Court to have the letter, currently docketed as ECF 9 in this action, additionally filed in Plaintiff's pending case, 21-CV-2893 (LTS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 9, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[2] If a party files a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure, or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), a notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff's letter was filed nearly two months after judgment was entered, and after his appeal was filed. The Court therefore lacks jurisdiction to address the arguments in Plaintiff's letter in this action.