UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

      Plaintiff,

   -against-

CITY OF NEW YORK, et al.,

      Defendants.

21-CV-6583 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

  By order and judgment entered August 9, 2021, the Court dismissed this action without prejudice, before adjudication of Plaintiff's *in forma pauperis* (IFP) application, as a duplicate of his pending action under docket number 21-CV-2893 (LTS). (ECF 3-4.) After this action was closed, on September 8, 2021, Plaintiff gave his notice of appeal (ECF 6) to prison officials for mailing, together with a motion for an extension of time to appeal (ECF 5). He then filed on September 27, 2021, a motion for the Court to appoint *pro bono* counsel (ECF 7). On October 1, 2021, the Court held that: (1) the motion for an extension of time was unnecessary because the appeal was timely under the prison mailbox rule;[1] and (2) if he sought *pro bono* counsel in connection with his appeal, he could make such request in the United States Court of Appeals for the Second Circuit. (ECF 8.)

  Months after judgment was entered, on October 19, 2021, Plaintiff filed a letter titled, "Response to order dated October 1, 2021" (ECF 9), in which he seeks to reopen this action. By order dated February 9, 2022, the Court addressed the effect of Plaintiff's filing of a notice of

---

[1] The Court held, in the alternative, that Plaintiff had shown good cause for any delay in filing his appeal. (ECF 8 at 3, n.3.)

appeal on the Court's ability to treat his letter as a motion and adjudicate it on the merits.[2] The Court now amends the February 9, 2022 order, to hold that it has jurisdiction, under Rule 62.1 of the Federal Rules of Civil Procedure, to deny a timely motion under Rule 60(b). The Court liberally construes Plaintiff's October 19, 2021 letter as a motion under Rule 60(b), and denies it for the reasons set forth below.

## DISCUSSION

**I.       Jurisdictional effect of notice of appeal**

The Court first addresses the question of its jurisdiction to adjudicate the requests in Plaintiff's October 19, 2021 letter (ECF 9), which was filed 70 days after judgment was entered on August 9, 2021, closing this action. As set forth in the Court's prior order, where a litigant files a timely motion under Rule 59(e), Fed. R. App. P. 4(a)(4)(A)(iv), or a Rule 60(b) motion within 28 days after judgment, Fed. R. App. P. 4(a)(4)(A)(vi), a notice of appeal does not take effect—depriving the district court of jurisdiction—until after the district court addresses the motion(s), Fed. R. App. P. 4(a)(4)(B)(i). Plaintiff's letter was filed more than 28 days after judgment was entered. Insofar as Plaintiff's letter is construed as a challenge to the order of dismissal and judgment (ECF 3-4), his letter motion did not prevent the appeal from taking effect.

Once an appeal takes effect, the district court does not have jurisdiction to grant a plaintiff's Rule 60(b) motion. *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). This,

---

[2] That order stated the following: "If a party files a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure, or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), a notice of appeal does not become "effective" until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). Here, Plaintiff's letter was filed nearly two months after judgment was entered, and after his appeal was filed. The Court therefore lacks jurisdiction to address the arguments in Plaintiff's letter." (ECF 10 at 3, n.2.)

however, does not end the analysis. Rule 62.1 of the Federal Rules of Civil Procedure, which applies when the district court lacks authority to grant a motion because of an appeal, provides as follows:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

Thus, the district court can deny a timely Rule 60(b) motion, even if it lacks authority to grant it because of a pending appeal. A Rule 60(b) motion is generally timely if it is "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).[3] Here, if the Court construes Plaintiff's letter as a Rule 60(b) motion seeking relief from the order of dismissal and judgment filed 70 days earlier, then the Court has jurisdiction under Rule 62.1 to deny such a motion. The Court therefore amends its February 9, 2022, order (ECF 10), to add that because the letter would be timely as a motion under Rule 60(b) challenging the order of dismissal and judgment, the Court has jurisdiction under Rule 62.1(a)(2) to deny it.

The Court also considers whether Plaintiff's October 19, 2021 letter should be treated as a Rule 60(b) motion challenging the Court's October 1, 2021 order, which resolved his motions for an extension of time to appeal and for *pro bono* counsel. Plaintiff's letter is titled, "Response

---

[3] Although the Federal Rules of Appellate Procedure allow the Court to adjudicate a Rule 60(b) on the merits (either granting or denying it) only when it is filed within 28 days of entry of judgment, Fed. R. App. P. 4(a)(4)(A)(vi), under Rule 62.1 of the Federal Rules of Civil Procedure, the Court can deny a Rule 60(b) motion that is "timely," that is, if it is filed within a reasonable time, Fed. R. Civ. P. 60(c)(1) (adding that motions under Rule 60(b) (1), (2), and (3) must be made "no more than a year after the entry of the judgment or order.").

3

to Order dated 10/1/2021." (ECF 9.) If the letter were deemed a challenge to the order on these motions, the jurisdictional analysis would differ.

Because the letter was filed within 18 days of the October 1, 2021 order resolving these motions, the Court would have jurisdiction to grant or deny a Rule 59(e) or Rule 60(b) motion challenging the October 1, 2021 order. Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. App. P. 4(a)(4)(B)(i). In the body of the letter, however, Plaintiff does not mention his request for an extension of time to appeal or his request for *pro bono* counsel. Instead, Plaintiff seeks to reopen this action, and the Court therefore construes the letter as a Rule 60(b) motion challenging the order of dismissal and judgment. The Court addresses below the substance of Plaintiff's motion.

## II.     October 19, 2021 letter motion

In Plaintiff's October 19, 2021 letter, he raises the fact that the Court's order regarding his extension of time to appeal "only speaks on the claim (new) on August 2, 2021, and minimizes the fact that (21-CV-2893) was sent to the Court certified mail and never answered until the new claim [21-CV-6583] was received." (ECF 9 at 1.) The Court understands Plaintiff to objecting to the sequence of events in his first case (21-CV-2893).

In his letter, Plaintiff also asks the Court to do the following:

> Add all of the defendants from my 1st complaint and provide facts about the complaints on said defendants from original complaint and reopen this matter in the Southern District. I'm in imminent danger. I need the complaints addressed because the complaints are the foundation of my problems. I ask to reevaluate the decision to dismiss as duplicative.

(*Id.*)[4]

On August 10, 2021, the Court entered an order in Plaintiff's first action, 21-CV-2893, directing Plaintiff to show cause why he was not disqualified under 28 U.S.C. § 1915(g) from

---

[4] Attached docketed at the back of Plaintiff's motion for *pro bono* counsel, is a handwritten note that states, in its entirety: "Dear Clerk, I want this complaint with Docket

proceeding *in forma pauperis* (IFP), unless he is under imminent danger of serious physical injury. Thus, at the time that Plaintiff wrote this October 2021 letter, seeking to proceed in this closed case, it appeared that he would be unable to proceed IFP in the still-pending case.

  First, the Court notes that if it had concluded that Plaintiff had three dismissals that qualified as strikes under section 1915(g) as of March 29, 2021, when he gave his complaint in 21-CV-2893 to prison officials for mailing, then he would also have had three strikes and been barred from proceeding IFP in August 2021, when he brought this second action. The Court understands that Plaintiff is frustrated with the pace of litigation. However, in light of the Court's February 1, 2022 order in 21-CV-2893, which granted his application to proceed IFP in that matter, after concluding that one of Plaintiff's prior dismissals did not qualify as a strike, there is no longer any barrier to adjudication of his first action.

  Second, Plaintiff does not make any argument why dismissal of this action as a duplicate was improper. Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

---

#21CV6583 filed and complaint with Docket #21-CV-2893 dismissed without prejudice or all defendants from Docket #21-CV-6583 added. I can send a poor person affidavit if needed. I'm in imminent danger." (ECF 7). This appears to be roughly the same argument that Plaintiff makes in his October 19, 2021 letter – that because he is in imminent danger, all of his claims should proceed in this closed rather than his earlier pending case, where he had just been ordered to show cause why he could not proceed IFP.

All of the five defendants in this action (the City of New York, the general counsel of the New York City Department of Correction (DOC), two prosecutors, and a judge) were named in Plaintiff's first action, which also included additional defendants (the DOC Commissioner, the DOC, the Bronx County District Attorney's Office, and an additional assistant district attorney). Plaintiff also had an opportunity to file an amended complaint in his first action, to include any new or different information or allegations, which he did after this action was closed. He has not brought to the Court's attention any reason why he should have been permitted to proceed with a second action against the same defendants who were already the subject of a pending complaint raising the same claims. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in Rule 60(b) entitle him to relief.

## CONCLUSION

Accordingly, the Court amends its February 9, 2022 order (ECF 10) to provide that Plaintiff's letter (ECF 9) is construed as a timely motion under Rule 60(b) challenging the Court's August 9, 2021 order of dismissal without prejudice. (ECF 3-4.) The Court has jurisdiction to deny the motion, and for the reasons set forth herein, denies the Rule 60(b) motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   February 14, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge